IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN BAKER,<br><br>    Petitioner,<br><br>vs.<br><br>LANCASTER COUNTY DISTRICT COURT ADULT PROBATION,<br><br>    Respondent. | 8:23CV410<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on initial review of Petitioner Brian Baker's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

  In his petition filed on September 18, 2023, Petitioner alleged he was serving a sentence of probation imposed by the Lancaster County District Court in case number CR21-190 and was awaiting a revocation hearing. Filing No. 1 at 1, 6. Petitioner sought to challenge both the revocation of his probation and the validity of his conviction alleging, inter alia, that he received ineffective assistance of counsel at trial and his probation officer lacked any grounds to file for revocation of Petitioner's probation. *Id*. at 3, 7–8. As relief, Petitioner seeks to have his "probation completed . . . and the possession charge set aside." *Id*. at 8.

Petitioner's state court records, available to this Court online, show that Petitioner's probation was revoked and he was sentenced on December 20, 2023, to 270 days' imprisonment with credit for 100 days already served. Subsequently, on February 14, 2024, the Lancaster County District Court dismissed Petitioner's motion for postconviction relief as moot because Petitioner was discharged from serving his sentence and released from custody on January 31, 2024.[1]

> As the Eighth Circuit Court of Appeals has explained,
>
> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. See Powell v. McCormack, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Petitioner's probation was revoked and he has completely served his sentence, the Court concludes this case is moot and must be dismissed. See McGill v. Mukasey, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no

---

[1] The Court takes judicial notice of the state district court records related to this case in *State v. Brian J. Baker*, No. CR21-190, District Court of Lancaster County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant state court records are attached to this Memorandum and Order.

continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); see also *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

Dated this 30th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CR210000190
Transaction ID: 0020925377
Filing Date: 12/20/2022 11:53:18 AM CST

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | Case No. CR 21-190 |
| | ) | |
| Plaintiff, | ) | ORDER OF SENTENCE |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN J. BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant present with counsel Matt Kosmicki. Deputy County Attorney Chris Turner present. Neither the defendant nor defendant's attorney giving any reason why sentence should not now be pronounced, the court proceeded to sentence the defendant.

**IT IS ORDERED** that the original order of probation is revoked. The defendant be sentenced to an institution under the control of the Lancaster County Department of Corrections to a term of imprisonment of 270 days and ordered to pay the costs of prosecution. The defendant was given credit for 100 days already served.

Pursuant to Neb. Rev. Stat. § 29-2206(3), the costs of this action are to be deducted from the bond posted by the defendant to the extent that such bond is not otherwise encumbered by a valid lien, levy, execution, or assignment to counsel of record or to the person who posted the bond.

Last viewed Oct. 28, 2024

Any portion of this sentence may be served at hard labor, as provided by law.

No portion of this sentence may be served on house arrest.

Commitment to issue.

**DATED:** December 20, 2023.

BY THE COURT:

_____
Jodi L. Nelson
District Judge

Last viewed Oct. 28, 2024

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on December 20, 2023 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Matthew K Kosmicki
mattkosmickilaw@gmail.com

Christopher M Turner
cmturner@lancaster.ne.gov

Amber L Schlote
aschlote@lancaster.ne.gov

Date:  December 20, 2023     BY THE COURT: _____
                                              CLERK

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CR210000190
Transaction ID: 0021167515
Filing Date: 02/14/2024 11:41:33 AM CST

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| STATE OF NEBRASKA, | Case No. CR 21-190 |
| Plaintiff, | ORDER DENYING |
| vs. | POSTCONVICTION RELIEF |
| BRIAN J. BAKER, | |
| Defendant. | |

This matter came before the court on December 20, 2023, for hearing on the defendant's motion for postconviction relief (Filing No. 8), the state's response and motion to deny postconviction relief without an evidentiary hearing (Filing No. 23), and defendant's reply (Filing No. 24). Chief Deputy County Attorney Chris Turner appeared for the state. Defendant appeared pro se. The court took judicial notice of certain filings as well as the opinion of the appellate court in this matter. The court also notes the return of commitment filed in this case on February 1, 2024. Now being fully informed, the court finds as follows:

I. **Background**

On March 18, 2021, defendant was charged by information with one count of possession of a controlled substance, F4. He was found guilty of that charge following a jury trial.

On October 28, 2021, the defendant was sentenced to one year of probation. He timely appealed his conviction and sentence to the Nebraska Court of Appeals. The conviction was affirmed. The mandate was issued November 15, 2022, and the order spreading the mandate was filed by this court on November 16, 2022.

A motion to revoke defendant's probation was filed March 29, 2023, alleging non-compliance with the court's order of probation including that the defendant had absconded supervision since March 9, 2023. A warrant was issued for the defendant's arrest.

On March 31, 2023, the defendant's motion for postconviction relief was filed. On September 1, 2023, the court gave the state 45 days to respond to the motion for postconviction relief. The state's response and motion to deny postconviction relief without an evidentiary hearing was filed on October 16, 2023. Hearing on that motion was set on December 20, 2023.

On December 19, 2023, the defendant entered an admission to the allegations in the motion to revoke probation. The admission was accepted by the court and, by agreement of counsel and the court, resentencing on the original charge of possession of a controlled substance was set for December 20, 2023.

On December 20, 2023, the court held the sentencing hearing. Following allocution, the court revoked the defendant's probation and sentenced him to 270 days in jail, gave him credit for 100 days already served, and ordered him to pay the costs of prosecution. The return of commitment filed February 2, 2023, shows that the defendant completed serving this sentence and was released on January 31, 2024.

In addition to the sentencing hearing, the court held a hearing on the state's motion to deny defendant's motion for postconviction relief. Without objection, the court took judicial notice of the defendant's motion for postconviction relief, the state's response and motion to deny the motion without an evidentiary hearing, and the opinion of the Nebraska Court of Appeals relating to the defendant's direct appeal. As indicated above, the court has also considered the return of commitment showing the defendant's discharge from the sentence imposed.

## II. Analysis

Postconviction relief is governed by the Nebraska Postconviction Relief Act, Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 2016). (The Act) Eligibility under The Act is limited to "a prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States[.] …" Neb. Rev. Stat. § 29-3001.

Being a prisoner in custody has been broadly interpreted to include a person serving court-ordered probation or parole. *State v. Styskal*, 242 Neb. 26, 495 N.W.2d 313 (1992), *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009). However, it has also been determined that The Act does not apply to someone who has been discharged from incarceration or parole. *State v. York, supra.*

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the litigation's outcome. *Evertson v. City of Kimball*, 278 Neb. 1, 767 N.W.2d 751 (2009). Because the defendant has been discharged from serving his sentence and is no longer on probation or in custody his claim for postconviction relief has become moot and his motion for postconviction relief must be dismissed.

For the above reasons the court finds that the defendant's motion for postconviction relief, Filing No. 8, should be and hereby is dismissed.

DATED:   February 14, 2024.

BY THE COURT:

_____
Jodi L. Nelson
District Judge

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 14, 2024 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Matthew K Kosmicki
mattkosmickilaw@gmail.com

Christopher M Turner
cmturner@lancaster.ne.gov

Amber L Schlote
aschlote@lancaster.ne.gov

Date:  February 14, 2024      BY THE COURT:  _____
                                                    CLERK

Last viewed Oct. 28, 2024